**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VINCENT JULIAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:25-1255 |
| | ) |
| vs. | ) Chief Magistrate Judge Patricia L. Dodge |
| | ) |
| JORDAN R. MACFARLANE, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Plaintiff Vincent Julian Johnson ("Johnson") brings this pro se civil rights action under 42 U.S.C. § 1983. He asserts claims under the Fourth and Fourteenth Amendments to the United States Constitution and related claims under state law arising out of his arrest on May 19, 2024, which was supposedly based on a warrant but the affidavit of probable cause was not completed, sworn to or attached until the following day.

He names as Defendants Pennsylvania State Trooper Jordan R. MacFarlane, who arrested him; Magisterial District Judge Jennifer L. Jeffries, who signed a criminal complaint and set bail at a preliminary arraignment; and Magisterial District Judge Nathan A. Henning, who signed a fingerprint order, and allegedly "furthered a conspiracy" and "failed to stop a malicious prosecution."

Pending before the Court are two motions to dismiss the Amended Complaint, one brought by Trooper MacFarlane (ECF No. 34) and the other by Defendants Jeffries and Henning (together, "the Judicial Defendants") (ECF No. 27). For the reasons that follow, the Judicial Defendants' motion will be granted and Trooper MacFarlane's motion will be granted in part

and denied in part.[1]

## I. Procedural History

Johnson commenced this action by submitting a motion for leave to proceed in forma pauperis on August 18, 2025. (ECF No. 1). His motion was granted, and the Complaint was docketed. (ECF No. 5). An Amended Complaint was then filed on September 19, 2025 (ECF No. 8). Federal question subject matter jurisdiction is based on the civil rights claims asserted, 28 U.S.C. §§ 1331, 1343. As noted, Johnson raises claims under the Fourth and Fourteenth Amendments.[2] The Amended Complaint also references state law claims of false arrest, false imprisonment, conspiracy, malicious prosecution, "discrimination," "trespass" and "emotional distress." (ECF No. 8 § VI.)

The Judicial Defendants filed a motion to dismiss (ECF No. 27) on May 4, 2026. Trooper MacFarlane filed a motion to dismiss on June 24, 2026 (ECF No. 34). On September 18, 2026, Johnson filed a response to both motions (ECF No. 44).

Of note, Johnson had previously commenced an action at Civ. A. No. 24-1248, raising the same claims and naming the same Defendants. The case was assigned to Judge Horan. On May 14, 2025, Judge Horan entered a Memorandum Opinion and Order (ECF No. 25) that granted the motion to dismiss of the Judicial Defendants (ECF No. 21) and dismissed them from the case with prejudice.

---

[1] The parties have consented to full jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c) (ECF Nos. 3, 40, 45).

[2] The Amended Complaint also mentions the Eighth Amendment (ECF No. 8 § II(B).) However, that provision only applies to individuals who have been convicted of a crime, and Johnson was not convicted. *See Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005). In his response to the motions to dismiss, Johnson does not refer to the Eighth Amendment.

Also in the previous case, Trooper MacFarlane filed an Answer (ECF No. 23) and Judge Horan scheduled an Initial Case Management Conference (ECF No. 28). Johnson did not appear for the conference (ECF No. 30) and did not respond to an order to show cause that Judge Horan subsequently issued (ECF No. 31). Therefore, on July 22, 2025, Judge Horan filed an order dismissing the case without prejudice based on Johnson's failure to prosecute (ECF No. 33).

Johnson filed three motions to reopen the case (ECF Nos. 34, 36, 38), but Judge Horan denied them. In orders denying the second and third motions (ECF Nos. 37, 39), Judge Horan noted that because Johnson had commenced this action (Civ. A. No. 25-1255), in which he named the same Defendants and asserted the same causes of action, any further filings should be made in this case and not in the closed case.

## II. Facts Alleged in Amended Complaint

Johnson's Amended Complaint alleges that on May 19, 2024, he was arrested by Trooper MacFarlane, allegedly based on a warrant, but the arrest occurred before the affidavit was written. Magisterial Judge Jeffries set his bail at $10,000 "with only hearsay as evidence." Because he could not afford this amount, he was sent to jail. Magisterial Judge Henning issued a fingerprint order on May 20, 2024. Johnson was incarcerated for 63 days before the charges were dropped and he was released.

The affidavit of probable cause, which Johnson has attached to the Amended Complaint, states that Trooper MacFarlane was responding to a report by Johnson's ex-girlfriend and her son. They indicated that Johnson approached them outside a gym and threatened to kill them while holding a small silver knife, which was found on Johnson's person when he was arrested. He was charged with terroristic threats and harassment. (ECF No. 8-1.) According to Johnson, the documents were "whited out" with the dates changed from 5-19-24 to 5-20-24 in an attempt

to cover up the fact that he was arrested before the affidavit was written.

**III. Standard of Review**

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As noted by the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged. If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

When dismissing a civil rights case for failure to state a claim, a court typically must allow a plaintiff to amend a deficient complaint, irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors,*

*Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, attached exhibits and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Johnson has attached to the Amended Complaint the documents that relate to his arrest and his claims. Thus, the Court can consider them in reviewing the motions to dismiss.

## IV. Analysis

Johnson's claims are asserted under 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). *See also Baker*, 443 U.S. at 140; *Graham v. Connor*, 490 U.S. 386, 394 (1989).

The Amended Complaint alleges a violation of the Fourth Amendment, which prohibits "unreasonable searches and seizures," including his alleged arrest without probable cause. Johnson has also brought a claim under the Fourteenth Amendment for malicious prosecution.

A. Judicial Immunity

Johnson alleges that Magisterial Judge Jeffries set his bail with "hearsay evidence" and Magisterial Judge Henning issued a fingerprint order on May 20, 2024. The Judicial Defendants argue that based on these allegations, they must be dismissed because they are immune from suit for acts undertaken in their judicial capacity. This argument is meritorious, as "judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (citations omitted). This immunity applies "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citation omitted).[3]

Among other things, magisterial district judges are vested with jurisdiction to issue search warrants and conduct arraignments in criminal proceedings. *Richardson v. Wilkinsburg Police Dep't*, 2016 WL 4141084, at *4 (W.D. Pa. Aug. 4, 2016) (citing 42 Pa. C.S. § 1515(a)(1)). *See also* Pa. R. Crim. P. 200 (magisterial district judges may issue search warrants); Pa. R. Crim. P. 540 (describing the procedure for preliminary arraignments). Thus, these are judicial acts entitled to immunity. *See Friend v. Vann*, 614 F. App'x 593, 596 (3d Cir. 2015); *Moore v. Pennsylvania*, 2022 WL 1128992, at *3 (E.D. Pa. Apr. 14, 2022), *aff'd*, 2022 WL 7375509 (3d Cir. Oct. 13, 2022).

In addition, setting bail and related orders such as issuing fingerprint orders are judicial acts entitled to immunity. *See Sheffer v. Centre Cnty.*, 818 F. App'x 160, 162 (3d Cir. 2020)

---

[3] Indeed, given that Judge Horan dismissed the Judicial Defendants from the prior action with prejudice, they should have not been named in this case at all. *See Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) ("A dismissal with prejudice 'operates as an adjudication on the merits,' so it ordinarily precludes future claims.")

(setting bail is a judicial act); *Finnegan v. Mikielski*, 2024 WL 3013738, at *3 (W.D. Pa. June 14, 2024) (rejecting argument that judge "violated his due process rights by ordering fingerprints before the case concluded.")

While judges are not immune for any actions taken in a non-judicial capacity, or "in the complete absence of all jurisdiction," *Gallas*, 211 F.3d at 768-69, Johnson's claims do not relate to such acts. Regardless of Johnson's views about the judges' decisions or the way they handled his case, the decisions rendered by the Judicial Defendants were made in a judicial capacity in a case in which the judges had jurisdiction. *See Kaplan v. Miller*, 653 F. App'x 87, 89-90 & n.3 (3d Cir. 2016). Therefore, judicial immunity applies.

The Judicial Defendants cannot be sued based on their actions, all of which were made in judicial capacity. Therefore, their motion will be granted and as amendment would be futile, they will be dismissed with prejudice.

B. Official Capacity Claims

Johnson has named Trooper MacFarland in both his official and individual capacities. Trooper MacFarlane argues that any official capacity claims must be dismissed based on Eleventh Amendment immunity. He is correct.[4]

The Supreme Court has stated that, under the Eleventh Amendment, "federal jurisdiction over suits against unconsenting states was not contemplated by the Constitution when establishing the judicial power of the United States." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (internal citation omitted). The immunity applies not only to the state itself, but also to state agents and state instrumentalities. Thus, courts must examine the essential nature

[4] The Judicial Defendants also make this argument but given that they will be dismissed based on judicial immunity, the Court need not address it with respect to them.

and effect of the proceeding, the nature of the entity created by state law or whether a money judgment against the instrumentality would be enforceable against the state to determine whether the instrumentality should be treated "as an arm of the state." *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429-30 (1997). A suit against an individual in his official capacity is deemed a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Trooper MacFarlane is entitled to immunity pursuant to the Eleventh Amendment. *See Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (state trooper sued in his official capacity had immunity pursuant to the Eleventh Amendment); *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). *See also Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013) (noting that, when acting in their official capacity, state troopers are not "persons" for purposes of § 1983).

The Court of Appeals for the Third Circuit has held that Eleventh Amendment immunity is subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law, that is, the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed.714 (1908). *Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (citation omitted). Pennsylvania has not consented to waive its Eleventh Amendment immunity to being sued in federal court. 42 Pa. C.S. § 8521(b); *Chittister v. Department of Cmty. & Econ. Dev.*, 226 F.3d 223, 227 (3d Cir. 2000). The Supreme Court has also held that § 1983 does not abrogate states' sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 339-46 (1979).

As for the *Ex parte Young* exception, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief

properly characterized as prospective." *Verizon Md., Inc. v. Public Service Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citation omitted). Johnson seeks only monetary damages. Therefore, the *Ex parte Young* exception does not apply.

Thus, with respect to the § 1983 claims in the Amended Complaint against Trooper MacFarlane in his official capacity, his motions to dismiss will be granted with prejudice and without leave to amend.

C. Claim Splitting

Trooper MacFarlane also argues that, because the claims asserted against him are the same as those asserted in the prior action, they should be dismissed based on the doctrine of claim splitting.[5] He contends that even though Judge Horan has denied Johnson's motions to reopen that closed case three times, Johnson should submit his filings in Civ. A. No. 24-1248.

Federal courts recognize a prohibition against splitting of claims relating to the same transaction or occurrence. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (recognizing that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") (citation omitted).

Here, however, Johnson is not attempting to maintain two separate actions at the same time. Rather, the prior action is closed and it was dismissed as to Trooper MacFarlane *without prejudice*, thereby enabling Johnson to reassert his claims against him. Moreover, as noted above, Judge Horan explicitly rejected Johnson's attempts to reopen the prior case based on the fact that he filed this new action. For this Court to dismiss Johnson's claims on the ground that

[5] Trooper MacFarland does not allege alternative arguments for dismissal of the civil rights claims against him. Accordingly, the Court's analysis is limited to his contention about claim splitting.

he should file them in the prior closed case would directly contradict Judge Horan's orders and leave Johnson unable to assert his claims in any proceeding.

Therefore, the federal claims against Trooper MacFarlane in his individual capacity will not be dismissed.

D. Sovereign Immunity

In addition, Trooper MacFarlane contends that all state law claims against him should be dismissed based on the doctrine of sovereign immunity. As noted above, Johnson identifies state law claims of false arrest, false imprisonment, conspiracy, malicious prosecution, "discrimination," "trespass" and "emotional distress" in his Complaint.[6]

Under Pennsylvania law, "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S. § 2310. "Exceptions to sovereign immunity are to be narrowly construed." *Dean v. Commonwealth, Dep't of Transp.*, 751 A.2d 1130, 1134 (Pa. 2000).

There are ten exceptions to sovereign immunity for certain negligent acts. 42 Pa. C.S. § 8521(a), § 8522(b). The exceptions do not include trespass, which is the only potential negligence claim asserted by Johnson. Moreover, Pennsylvania courts have held that "intentional tort claims . . . are not within the narrow exceptions set forth in 42 Pa. C.S. § 8522(b)." *Faust v. Commonwealth Dep't of Revenue*, 592 A.2d 835, 839 (Pa. Commw. 1991). *See also Justice v. Lombardo*, 208 A.3d 1057, 1067 (Pa. 2019). "Even where a plaintiff asks for monetary damages

[6] Some of these alleged torts are not recognized claims at all, such as "discrimination." Regardless, virtually all of them are (or are clearly intended to be) intentional torts and they do not fall within any of the exceptions for negligence claims listed in § 8522(b).

against a defendant in his individual capacities, sovereign immunity applies." *Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (citation omitted). "Sovereign immunity applies to intentional and negligent torts." *Id.* (citation omitted).[7]

Thus, Trooper MacFarlane is immune from liability for the state law claims asserted by Johnson. This cannot be remedied by amendment and therefore the dismissal will be with prejudice and without leave to amend.

## V. Conclusion

For these reasons, the Motion to Dismiss of Defendants Jennifer L. Jeffries and Nathan A. Henning (ECF No. 27) will be granted.

The Motion to Dismiss of Defendant Jordan MacFarlane (ECF No. 34) will be granted in part as follows:

1. All claims against MacFarlane in his official capacity will be dismissed with prejudice;

2. All state law claims against MacFarlane will be dismissed with prejudice;

Defendant MacFarland's motion will otherwise be denied.

Appropriate orders follow.

October 14, 2026

/s/ Patricia L. Dodge
PATRICIA L. DODGE
CHIEF UNITED STATES MAGISTRATE JUDGE

[7] By contrast, in an action against a *local* agency or employee, immunity is lost when their actions represent a "crime, actual fraud, actual malice or willful misconduct." 42 Pa. C.S. § 8550. This statute is not applicable in this case because MacFarland is a state employee, not a local employee. *See Yakowicz v. McDermott*, 548 A.2d 1330, 1333 & n.5 (Pa. Commw. 1988) (Commonwealth employees are immune from liability even for intentional torts but that local agency employees lose their immunity defense where their actions constitute a crime, actual fraud, actual malice or willful misconduct), *appeal denied*, 565 A.2d 1168 (Pa. 1989).